# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

May 20, 2011

**VIA ECF AND FEDERAL EXPRESS**

Hon. Sandra L. Townes
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    D'Agostino v. LA Fitness Int'l, LLC *et al.*,
             EDNY, No. 10-CV-1120 (SLT) (ACF)

Dear Judge Townes:

      We represent defendants LA Fitness International, LLC ("LA Fitness"), LA Fitness, Inc., LA Fitness, LA Fitness Sports Clubs, Pro Results and Michael Sharp ("Mr. Sharp") (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Motion Practices and Rules we respectfully request a pre-motion conference to seek authorization to file a motion for summary judgment on the claims of Plaintiff Maria D'Agostino ("Plaintiff" or "Ms. D'Agostino") for sex and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA") and the New York State Human Rights Law ("NYSHRL"). In short, there are no genuine issues of material fact to be tried with respect to all of the asserted claims. Indeed, even taking Ms. D'Agostino's deposition testimony as true, she has failed to establish that Defendants discriminated or retaliated against her.

**The Facts.**[1]

      The facts are set forth in Defendants' Local Rule 56.1 Statement, included herewith pursuant to Your Honor's Individual Motion Practices and Rules, but are summarized herein for Your Honor's convenience.

      Ms. D'Agostino commenced her employment with LA Fitness on or about January 3, 2007 as a Training Assistant Manager at its Lake Success, NY facility (the "Lake Success Facility"). See Rule 56.1 Statement ¶ 1. Mr. Sharp, the District Vice President at the time, promoted her just a few months later to Training Weekend General Manager ("TWGM") of LA

---

[1] For purposes of this summary of facts and the Rule 56.1 Statement, LA Fitness accepts certain allegations that Ms. D'Agostino has made as true regardless of whether these alleged facts actually occurred. LA Fitness reserves its right to dispute such facts in the summary judgment motion or at any hearing or trial in this matter.

Fitness' Staten Island, New York facility (the "Staten Island Facility"), which Dorian Gallagher, the then Regional Vice President, approved. See id. ¶ 5. In or about February 2008, after Ms. D'Agostino worked for approximately 6 months as the TWGM at the Staten Island Facility, Mr. Gallagher promoted Ms. D'Agostino to Training General Manager ("TGM") of that facility. See id. ¶ 11. As TGM of the Staten Island Facility, however, Ms. D'Agostino was unable to attain the requisite sales figures (the most important aspect of her job), for which she accepted responsibility, or perform other aspects of her job. See id. ¶¶ 9, 12, 24, 26-50. As a result of Ms. D'Agostino's poor performance, Mr. Gallagher determined to demote her to TWGM and transfer her back to the Lake Success Facility in November 2008. See id. ¶¶ 12, 43. Ms. D'Agostino, however, declined the opportunity to continue working as a manager for LA Fitness and resigned on November 28, 2008. See id. ¶¶ 13, 44.

**Plaintiff's Claims Cannot Survive Summary Judgment.**

Ms. D'Agostino cannot (i) meet her burden of showing a prima facie case of discrimination under Title VII, the ADEA or the NYSHRL, (ii) demonstrate that Defendant's articulated legitimate business reason for demoting her (poor performance) was a pre-text for discrimination or (iii) that she was subjected to retaliation.[2]

First, Ms. D'Agostino has not met her initial burden of establishing a *prima facie* case of discrimination because she was not qualified for her position and the circumstances surrounding her demotion do not give rise to an inference of discrimination. Where an employer's records contain "undisputed evidence" that a plaintiff "was not meeting her employer's expectations," the plaintiff cannot establish she was qualified for her job. See Romano v. Stora Enso Corp., 2010 U.S. Dist. LEXIS 24908, at *5 (E.D.N.Y. Mar. 11, 2010). Here, LA Fitness' sales records amply demonstrate that Ms. D'Agostino was not qualified for her position as she consistently had the lowest or among the lowest sales out of all the facilities in her district. See Rule 56.1 Statement ¶¶ 29-30. Indeed, Ms. D'Agostino acknowledged that her performance was poor. See id. ¶¶ 24, 26-28. In addition, Ms. D'Agostino was not demoted under circumstances giving rise to an inference of discrimination because she cannot rely on (i) her vague and conclusory allegations of discrimination or (ii) Mr. Sharp's sporadic and isolated purported discriminatory comments (see Rule 56.1 Statement ¶ 49). See Zolondek v. Worldwide Flight Servs., 2006 U.S. Dist. LEXIS 95711, at *26-27 (E.D.N.Y. Aug. 28, 2006), adopted by, 2007 U.S. Dist. LEXIS 14880 (E.D.N.Y. Mar. 2, 2007); Williams v. County of Westchester, 171 F.3d 98, 101 (2d Cir. 1999) ("evidence solely of 'sporadic racial slurs'" are insufficient to satisfy the plaintiff's burden) (quoting Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997)).[3]

---

[2] Courts analyze Title VII, ADEA and NYSHRL claims under the familiar burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Specifically, a plaintiff in a Title VII, ADEA and NYSHRL action must carry the initial burden of establishing a *prima facie* case of discrimination. If the plaintiff establishes a prima facie case, the employer must meet its burden of articulating some legitimate, nondiscriminatory reason for its actions. The burden then shifts back to the plaintiff to show that employer's proffered reason was a pretext for discrimination. See McDonnell Douglas, 411 U.S. at 802-804; see also Missick v. City of New York, 707 F. Supp. 2d 336, 347 (E.D.N.Y. 2010) (citing, inter alia, Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 786 N.Y.S.2d 382 (2004)).

[3] For the same reason, any claim of a hostile work environment cannot survive summary judgment because Ms. D'Agostino cannot show that the workplace was so severely permeated with discriminatory intimidation, ridicule,

2

Second, even if Ms. D'Agostino establishes a *prima facie* case – which she has not and cannot – Defendants have met their burden of articulating a legitimate, non-discriminatory reason for demoting Ms. D'Agostino – her well-document poor performance – and there is no evidence in the record that this reason was a pre-text for discrimination. See Missick, 707 F. Supp. 2d at 349 ("In sum, the totality of [Plaintiff's] consistently poor performance alone is facially adequate to justify the adverse employment action taken"). Further, LA Fitness promoted Ms. D'Agostino twice over a short period of time, which militates against a finding that LA Fitness discriminated or retaliated against her, especially since the same decision maker – Mr. Gallagher – ultimately approved or made all employment-related decisions with respect to Ms. D'Agostino. See Rule 56.1 Statement ¶¶ 5, 11, 12, 43. Furthermore, Mr. Sharp promoted her the first time. See id. ¶ 5. Where it is the same actor with respect to the promotions, hiring and firing of an employee, it is extremely difficult to infer any discriminatory animus. See Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000); Garcia v. Henry St. Settlement, 501 F. Supp. 2d 531, 541 (S.D.N.Y. 2007).

Third, Ms. D'Agostino does not have a cognizable retaliation claim because no causal connection exists between her alleged complaints of discrimination and her demotion. See Romano, 2010 U.S. Dist. LEXIS 24908, at *19 (granting summary judgment on retaliation claim where plaintiff "offer[ed] no evidence of retaliatory animus other than the temporal proximity between her firing and . . . complaints [of discrimination]"). Further, like with her discrimination claim, Ms. D'Agostino cannot show that the legitimate business reasons for her demotion were a pretext for discrimination. See Arroyo v. New York Downtown Hosp., 2010 U.S. Dist. LEXIS 102716, at *23 (E.D.N.Y. Sept. 27, 2010) (Employer had "concrete evidence" showing that it terminated plaintiff for poor performance and plaintiff did not offer any evidence to demonstrate that such reason was pretextual).

Here, the incontrovertible evidence conclusively establishes that Defendants are entitled to summary judgment. For this reason, Defendants respectfully request that the Court grant their request for a pre-motion conference and permit Defendants to move for summary judgment.

Respectfully submitted,

WOLLMUTH MAHER & DEUTSCH LLP

_____

Andrew S. Baron, Esq.

---

and insult that the terms and conditions of her employment were thereby altered. See Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001). In point of fact, Ms. D'Agostino testified that the alleged comments or any other purported discriminatory or harassing behavior did not prevent her from coming to work or doing her job. See Rule 56.1 Statement ¶ 56. This also defeats any claim of a hostile environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (plaintiff must also subjectively perceive the work environment to be abusive).